# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2852

_____

Bio-Tech Pharmacal, Inc.,        *
       *
           Appellant,        *
       *
Kirkpatrick W. Dilling,        *
       *
           Intervenor,        *
       *
       v.        *    Appeals from the United States
       *    District Court for the Eastern
Coca Cola Company,        *    District of Arkansas.
       *
           Appellee,        *       [UNPUBLISHED]
       *
Rose Law Firm, A Professional        *
Association,        *
       *
           Intervenor on Appeal.        *

_____

No. 99-1771

_____

Bio-Tech Pharmacal, Inc.,        *
       *
           Appellant,        *
       *
       v.        *
       *

Coca Cola Company,       *
             *
      Appellee,     *
             *
Tona M. DeMers,       *
             *
Kirkpatrick W. Dilling; Rose Law Firm,   *
             *
      Appellees.     *

_____

Submitted: May 13, 1999

Filed: July 2, 1999
_____

Before WOLLMAN, Chief Judge, FLOYD R. GIBSON, and BEAM, Circuit Judges.
_____

PER CURIAM.

Biotech Pharmacal, Inc., (Bio-Tech) filed a trademark action against Coca Cola Company. Coca Cola filed a counter-claim. Bio-Tech was represented by Dilling and Dilling, a Chicago law firm, with Rose Law Firm engaged as co-counsel. In December 1997, Biotech signed a settlement agreement with Coca Cola. Shortly thereafter Bio-Tech hired new counsel, Tona M. DeMers, refused to dismiss its suit, and in April 1998, asked that the settlement agreement be set aside on the grounds that Coca Cola had perpetrated a fraud by filing the counter-claim, and that Bio-Tech had been coerced into signing the agreement by its own attorneys. On May 29, 1998, the district court[1] denied the motion, ordered Bio-Tech to comply with the terms of the settlement agreement, and dismissed the case with prejudice. The court also ordered Bio-Tech

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

and DeMers to show cause why they should not be assessed Rule 11 sanctions for making "allegations that are legally and factually frivolous based upon the record." See Fed. R. Civ. P. 11. On June 19, 1998, the court directed Bio-Tech to endorse the settlement check sent by Coca Cola. Bio-Tech resisted, and moved for reconsideration of that order. In an order dated July 6, 1998, the court afforded Bio-Tech and DeMers the benefits of the safe harbor provisions of Rule 11 and provided until July 13 for them to withdraw any allegedly improper statements or pleadings. None were withdrawn. After hearing testimony, the court imposed a sanction on DeMers in the amount of $1,500 for certifying to the court that she had served certain documents upon opposing counsel when in fact she had not. The court also imposed $50,600 in sanctions on DeMers and Bio-Tech jointly and severally for repeatedly advancing a frivolous argument based upon unsubstantiated factual allegations, and for making the unsupported allegation that the Rose Law Firm had previously represented Coca Cola prior to this litigation.

Bio-Tech appeals the order dismissing their claim and compelling the enforcement of the settlement agreement. In support of the appeal, Bio-Tech presents essentially the same arguments that the district court found to be frivolous. Bio-Tech and DeMers also appeal the order imposing Rule 11 sanctions. We have carefully reviewed the parties' briefs and the record and find no error of law or fact, nor abuse of discretion by the district court. No useful precedent would be established were we to add to the district court's extensive and well-reasoned opinions. Therefore the orders of the district court are affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.